UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| JASON L. RUSSO, # 82303, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 4:14-cv-75-HSM-SKL |
| ) | |
| BEDFORD COUNTY SHERIFF'S ) | |
| DEPARTMENT; AUSTIN SWING, Sheriff ) | |
| of Bedford County, Tennessee; BEDFORD ) | |
| COUNTY, TENNESSEE; EUGEN RAY, ) | |
| Mayor; RANDLE BOYCE, Ex-Sheriff; ) | |
| BEDFORD COUNTY COURTHOUSE; ) | |
| MICHAEL D. RANDLES, D.A.; and 17TH ) | |
| JUDICIAL DRUG TASK FORCE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

Jason L. Russo, a pro se state prisoner, brings this civil rights complaint for damages under 42 U.S.C. § 1983. This case was transferred to this Court from the Middle District of Tennessee, after Plaintiff had been assessed the filing fee [Doc. 3, Order of U.S. District Judge William J. Haynes, Jr., entered on Oct. 28, 2014].

### I. SCREENING THE COMPLAINT

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id*. at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

## II. GOVERNING STANDARDS

In screening the complaint, the Court is mindful that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the pleading must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citations and internal quotation marks omitted).

Conclusory allegations and unwarranted inferences from alleged facts need not be accepted as true. *Newberry v. Silverman*, 789 F.3d 636, 640 (6th Cir. 2015) (citing *Terry v. Tyson Farms, Inc*., 604 F.3d 272, 276 (6th Cir. 2010)). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure state a claim under [§§ 1915A(b)(1) and 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

2

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992*); see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## III. DISCUSSION

Plaintiff has prefaced his complaint with the explanation that the incidents complained of therein occurred either at the Bedford County Jail or the Bedford County Courthouse and that the dates attached to those incidents are stated to the best of his knowledge. Plaintiff further explains that some alleged events occurred during the administration of former Sheriff Randall Boyce.

In his pleading, Plaintiff has divided his claims into categories, according to the Defendant(s) against whom the claims are asserted. The Court will follow suit.

### A. Bedford County Jail/ Bedford County Sheriff's Department

In the form complaint and in separate sheets of papers incorporated into the pleading, Plaintiff lists nineteen distinct claims of wrongful conduct or conditions against Defendants Bedford County Jail and Bedford County Sheriff's Department[1] [Doc. 1 p.1-10]. None of these

---

[1] Plaintiff identifies his claims against these Defendants as Claims 1.A and Claims B-S. Both Defendants' names are listed above Claims 1.A and B-M, but the only Defendant listed above Clams N-S is the Bedford County Sheriff's Department. This variation in pleading the claims against these Defendants makes no difference, since the Court finds later in this discussion that neither Defendant is amenable to a § 1983 lawsuit.

3

claims, however, can advance in this lawsuit because these Defendants are not subject to suit under § 1983.

The law is clear that "municipalities and other local government units [are] to be included among those persons to whom § 1983 applies [and they] therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The Bedford County Jail is not a municipality or local governmental unit; instead, it is a building, which is not a suable entity within the meaning of 42 U.S.C. § 1983. *Id.* at 688–90 and n. 55 (finding that in a suit against a local government unit only "bodies politic" are "persons" who are amenable to be sued under § 1983); *Marbry v. Correctional Medical Services*, 2000 WL 1720959, at*2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under § 1983") (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)); *Cage v. Kent County Corr. Facility*, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983.").

Likewise, the Bedford County Sheriff's Department is neither a "person" nor a political or corporate body within the terms of § 1983. *Monell*, 436 U.S. at 689-90 n.53. Indeed, the Sixth Circuit and courts in this district have previously held that a county sheriff's department is not an entity subject to suit under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that a county police department was not an entity which may be sued); *Newby v. Sharp*, No. 3:11-cv-534, 2012 WL 1230764, at *3 (E.D. Tenn. Apr. 12, 2012) (same, county sheriff's department); *Bradford v. Gardner*, 578 F.Supp. 382, 383 (E.D.Tenn. 1984) (noting that "[w]hile state law makes the sheriff the appropriate defendant in such an action, the Sheriff's department itself is not a suable entity under Section 1983") (citing *Williams v. Baxter*, 536

4

F.Supp. 13, 16 (E.D.Tenn. 1981)); *see also Petty v. County of Franklin*, 478 F.3d 341, 347 (6th Cir. 2007) ("Unlike a county sheriff's office, the sheriff himself may be considered a proper legal entity for purposes of suit under § 1983.").

Thus, because neither the Bedford County Jail nor the Bedford County Sheriff's Department are entities which are subject to suit in a § 1983 action, Plaintiff fails to state a claim against these two Defendants.

### B. Bedford County Courthouse

Plaintiff asserts that unidentified criminal defendants' rights under the Double Jeopardy Clause, *see* U.S. Const. amend. V, were violated in some unexplained way when offenders were sentenced upon pleas of guilty in the Courthouse; that sentences which were imposed upon those offenders were excessive; that attorneys who represented those citizens accused gave their clients ineffective assistance; and that state sentencing guidelines were disobeyed. Plaintiff also asserts that inmates were weighed for the first time when they were booked into the jail and that, when the nurse weighed the inmates, everyone's weight was below normal. It is not at all clear against whom this later assertion is being made, since neither this Defendant nor any other Defendant is identified as a nurse.

What is clear is that the Bedford County Courthouse, like the previous two Defendants, is not a suable entity for purposes of a § 1983 lawsuit. *See Monell*, 436 U.S. at 689-90 n.53; *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (holding that a Creek County Criminal Justice Center "is not a suable entity under § 1983"); *Maier v. Wood Cnty. Courthouse*, No. 07-C-580-C, 2007 WL 3165825, at *2 (W.D. Wis. Oct. 24, 2007) (observing that "courthouses are not suable entities because they are not persons capable of accepting service of plaintiff's complaints or responding to them"); *Brock v. Sevier Cnty. Courthouse*, No. 3:06-CV-418, 2007

5

WL 438735, at *1 (E.D. Tenn. Feb. 6, 2007) (holding that a local courthouse is not a suable entity under 42 U.S.C. § 1983). Once again, Plaintiff's allegations do not state a claim against the Bedford County Courthouse.

### C. 17th Judicial Drug Task Force

The sole allegation made against this Defendant is that, on August 27, 2014, Plaintiff was pulled over by Shane George of the 17th Judicial Drug Task Force ("DTF"), which conduct, so Plaintiff believes, violated the Fourth Amendment.

Even if the Court assumes, without finding, that this Defendant is a suable entity, *see Lamb v. Tenth Judicial Dist. Drug Task Force*, 944 F. Supp. 2d 586, 595 (E.D. Tenn. 2013) (declining to determine whether a DTF is a suable entity under § 1983), Plaintiff has offered only conclusory allegations this Defendant. As noted previously, conclusory allegations and unwarranted inferences from alleged facts need not be accepted as true. *Newberry*, 789 F.3d at 640. And, of course, conclusory claims do not state actionable claims under § 1983. *Coker v. Summit County Sheriff's Dep't,* 90 F. App'x 782, 787 (6th Cir. 2003) (finding that bare bones, conclusory assertions do not suffice to state a cognizable constitutional claim); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Indeed, Plaintiff's belief, however strongly held, that the DTF Agent who pulled him over in late summer of 2014 violated the Fourth Amendment lacks facial plausibility, *Iqbal*, 556 U.S. at 678 (noting that "an unadorned, the-defendant-unlawfully-harmed-me accusation" has no facial plausibility); therefore, Plaintiff has failed to state a claim against this Defendant.

### D. Remaining Defendants

Plaintiff has offered no specific contentions against any of the remaining Defendants and, hence, the Court also holds that he has failed to state a claim against Defendants Bedford County

6

Sheriff Austin Swing; Bedford County, Tennessee; Mayor Eugen Ray; Former Bedford County Sheriff Randle Boyce, and District Attorney Michael D. Randles.

## IV. CONCLUSION

The Court has charitably construed this *pro se* complaint, *Haines*, 404 U.S. at 520-21, but has determined that, for the above reasons, Plaintiff's allegations do not state viable claims under 28 U.S.C. § 1983. Therefore, this action will be **DISMISSED** sua sponte for failure to state a claim. Additionally, the Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a)(3) and hereby **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous. *See* Fed. R.App. P.24(a).

Plaintiff's motion to appoint counsel [Doc. 5] is **DENIED** as **MOOT**.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER**:

  /s/ Harry S. Mattice, Jr.  
HARRY S. MATTICE, JR.  
UNITED STATES DISTRICT JUDGE